IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE FEDERAL PRACTICE GROUP )<br>1750 K Street, NW Suite 900 )<br>Washington, D.C. 20006, )<br>  )<br>Plaintiff, )<br>  )  Civil Action No. 1:19-cv-31<br>v. )<br>  )<br>  )<br>DEPARTMENT OF THE ARMY )<br>7701 Telegraph Road )<br>Alexandria, Virginia 22315, )<br>  )<br>Defendant. )<br>_____) | |

## COMPLAINT

Plaintiff The Federal Practice Group ("FPG") brings this action against the Department of Army ("Army") of the U.S. Department of Defense ("DOD") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. §552(a)(4)(B).

### PARTIES

3. Plaintiff is a limited liability company with its principal place of business at 1750 K Street, NW Suite 900, Washington, D.C. 20006. Plaintiff is a law firm that, *inter alia*, represents contractors in federal government contract activities and related disputes.

4. The Department of Defense is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). The Department of the Army is a component of DOD, which is headquartered in Washington, D.C.

## STATEMENT OF FACTS

5. On or around July 1, 2016, Plaintiff was hired to represent Parwan Group Company ("Parwan") in an appeal of Defendant's decision to deny Parwan's certified claim for Afghan Pubic Protection Force ("APPF") fees incurred under Contract No. SP0600-13-D-9504 (the "Contract").

6. To aid in the discovery process, on or around October 21, 2016, Plaintiff submitted a FOIA request to Defendant seeking production of the following relative to the Contract: "(1) Contract W91B4N-10-P-5022 and any and all modifications associated with Contract W91B4N-10-P-5022; (2) a copy of the Solicitation relating and incorporated into Contract W91B4N-10-P-5022 and any and all subsequent amendments to the Solicitation; (3) any and all documents and/or correspondence relating to the Department of the Army's payment and/or reimbursement of APPF fees incurred under Contract W91B4N-10-P-5022; (4) the basic contract and any and all modifications associated with the Department of Army's National Afghan Trucking ("NAT") contracts awarded to Gear International from January 1, 2010 to present; (5) the basic contract and attachments associated with the Department of Army's NAT contracts awarded to Aria Target Logistics from January 1, 2010 to present; (6) any and all documents and/or correspondence relating to the Department of Army's payment and/or reimbursement of APPF fees incurred by Gear International under any as-awarded NAT contracts; and (7) any and all documents and/or correspondence relating to the Department of

Army's payment and/or reimbursement of APPF fees incurred by Aria Target Logistics under any as-awarded NAT contracts.

7. On November 2, 2016, Defendant responded to Plaintiff via email informing the request had been logged as "FOIA # FA 17-0159." The email further informed that Plaintiff's request was forwarded to HQ, Army Contracting Command, ATTN: AMSCC-IM (FOIA Office) for action and direct response to Plaintiff.

8. On August 15, 2018, undersigned was contacted by Anthony L. Jackson at U.S. Army Contracting Command via email and phone to inquire about FOIA # FA 17-0159. The FOIA attached to Mr. Jackson's inquiry was titled, "20170930_FA-17-0156_LOST FOIA Action 17-0159." In Mr. Jackson's email he informed Plaintiff that if a response to the FOIA submitted on October 21, 2016 was still required, he "would like to Administratively Close this FOIA, and ask that [Plaintiff] resubmit for expedited processing."

9. On August 15, 2018, Plaintiff resubmitted its FOIA request via expedited processing. Mr. Jackson confirmed receipt of the FOIA request via email that same day, assigning the following tracking information: "Control Number:  FP-18-026911, Activity Control Number:  FA-18-0118, Contract Number: W91B4N-10-P-5022."

10. On August 23, 2018, Mr. Jackson followed up with Plaintiff informing it of the following: "This office is compiling the relevant records requested.  NOTE – Your original request identified Contract Number: W91B4N-10-P-5022; however, two (2) additional contracts are identified to W91B4N-17-D-3000; Gear International, and W91B4N-11-D-7004; Aria Target Logistics. I cannot forecast when the documents will be released."

11. On October 19, 2018, Mr. Jackson again followed up with Plaintiff noticing Plaintiff that its "original request identified Contract Number: W91B4N-10-P-5022;

however, two (2) additional contracts are identified to W91B4N-17-D-3000; Gear International, and W91B4N-11-D-7004; Aria Target Logistics. Mr. Jackson informed Plaintiff that the additional contracts were FMS vehicle maintenance contract(s), and not National Afghan Trucking ("NAT"). Mr. Jackson asked Plaintiff to confirm whether it was interested in just the NAT contracts.

12. On October 22, 2018, Plaintiff responded to Mr. Jackson authorizing the exclusion of the FMS contracts from its FOIA request.

13. On November 5, 2018, after receiving no further response, Plaintiff emailed Mr. Jackson inquiring whether the response was near completion. On November 13, 2018, Mr. Jackson informed Plaintiff of the following, "Your requested and responsive records are being redacted and reviewed for release. I will provide a release date as soon as possible." No further response from Mr. Jackson has been received.

14. As of the date of this complaint, Defendant has failed to: (1) determine whether to comply with the FOIA request; (2) notify Plaintiff of such determination or the reasons therefor; (3) advise Plaintiff of the right to appeal any adverse determination; or (4) produce the requested records or otherwise demonstrate that the requested records are exempt from production. Further, Defendant has not provided any "unusual circumstances," as defined in 5 U.S.C. § 552(a)(6)(B)(iii), which would warrant extension of the prescribed time limit.

15. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT**
**(Violation of FOIA, 5 U.S.C. § 552)**

16. Plaintiff incorporates paragraphs 5 – 12 as if fully stated herein.

17.     Defendant is unlawfully withholding records as requested by Plaintiff pursuant to 5 U.S.C. § 552.

18.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FIOA request, records which are necessary for Plaintiff's representation of Parwan. Without such information, Plaintiff cannot assess any further avenues of redress for Parwan, which could be subject to statutes of limitations. Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (2) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (3) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 7, 2019

Respectfully submitted,

_____
Eric S. Montalvo, DC Bar No. 993206
THE FEDERAL PRACTICE GROUP
1750 K Street N.W., Suite 900

Washington, D.C. 20006
Telephone: 202-862-4360
Facsimile: 888-899-6053
emontalvo@fedpractice.com

*Counsel for Plaintiff*